UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Bronson Shelley, #1589035 <br> *aka Bronson Shelley, #353229* <br><br> Plaintiff, <br><br> vs. <br><br> Bryan P. Stirling; Michael McCall; Willie L. Eagleton, Patrick R. Jones; Major C. West; Lt. Marlon Brown; Officer Quick; and Officer Davis, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | C/A No.  4:18-2637-JFA-TER <br><br><br> ORDER |

This is a civil action filed by a person regarding matters when he was held in SCDC as a state prisoner.[1] A serve order as to all defendants was entered on October 29, 2018, and summonses were issued. (ECF No. 13). The summonses were returned unexecuted as to Defendants Quick and Davis. (ECF No. 21). An attorney did enter a limited notice of appearance and did not waive issues with service of process or the right to assert later that Defendants had not yet been properly personally served, but did not enter an appearance for Quick or Davis. (ECF No. 19).

Summonses returned unexecuted by the United States Marshal for Defendants Quick and Davis. (ECF No. 21). The Marshal's notation on the Forms USM-285 indicated Defendants Quick and Davis could not be served because SCDC OGC could not accept

---

[1] Plaintiff is currently being held at the Sheriff Al Cannon Detention Center. The Detention Center charge description is holding for Colleton County. Plaintiff was convicted in November 2012 in Colleton County for attempted murder and sentenced to 25 years. His conviction was affirmed in August 2014. It is unclear why SCDC inmate records do not show Plaintiff as being in SCDC's custody currently.

because for both the last names of Quick and Davis, there were more than one person with each last name at Evans. (ECF No. 21). On January 28, 2019, Plaintiff was ordered to provide sufficient, accurate, and complete information on additional service documents if he desired to attempt to serve Defendants Quick and Davis again. Plaintiff was specifically informed that if he failed to provide additional information, Defendants Quick and Davis would be subject to dismissal. Plaintiff failed to respond to the court's order. Time for service has run.

The mail in which the Order was sent to Plaintiff's provided address has not been returned to the court, thus it is presumed that Plaintiff received the Order, but has neglected to comply with it within the time permitted under the Order. The Court has not received any response from Plaintiff and the time for his compliance has passed.

Plaintiff's lack of response to the Order indicates an intent to not prosecute this case, and subjects this case to dismissal. *See* Fed. R. Civ. P. 41(b)(district courts may dismiss an action if a Plaintiff fails to comply with an order of the court); *see also Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989)(dismissal with prejudice appropriate where warning given); *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982)(court may dismiss *sua sponte*).

Moreover, Rule 4(m) of the Federal Rules of Civil Procedure provides that unless a particular defendant is served within 90 days after the complaint is filed, this Court may dismiss an action without prejudice as to that particular defendant. Case law interpreting Rule 4(m) or its predecessor has uniformly held that dismissal is mandatory unless good

cause is shown if a Defendant is not served within the days provided by the rule.  Service of the Complaint was due by January 28, 201, and has not been completed on Defendants Quick and Davis.

Accordingly, Defendants Quick and Davis are dismissed from this action without prejudice pursuant to Fed. R. Civ. Proc. Rules 41(b), 4 .

IT IS SO ORDERED.

March 5, 2019  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge