IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Bronson Shelley, #1589035, a/k/a Bronson Shelley #353229,<br><br>                      Plaintiff,<br><br>vs.<br><br>Bryan P. Stirling, Michael McCall, Willie L. Eagleton, Patrick Jones, Major C. West, Lt. Marlon Brown, Officer Quick, and Officer Davis, individually and in their official capacities,<br><br>                      Defendants. | C/A No. 4:18-cv-2637-JFA<br><br><br>**ORDER** |

## I.    INTRODUCTION

Plaintiff Bronson Shelley, #1589035, a/k/a Bronson Shelley #353229, ("Plaintiff") a self-represented state prisoner, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for pretrial proceedings. Thereafter, Defendants Bryan P. Stirling, Michael McCall, Willie L. Eagleton, Patrick Jones, Major C. West, and Lt. Marlon Brown[1] ("Defendants") moved for summary judgment. (ECF No. 48).

After reviewing the motion and Plaintiff's opposition, the Magistrate Judge assigned to this action[2] prepared a thorough Report and Recommendation ("Report"). (ECF No. 58).

---

[1] Defendants Quick and Davis were previously dismissed from this action.
[2] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). The Magistrate Judge makes only a recommendation to this

Within the Report, the Magistrate Judge opines that Defendants' motion for summary judgment should be granted because Plaintiff failed to exhaust his administrative remedies. The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation. Plaintiff filed objections to the Report on March 30, 2020. (ECF No. 66). Therefore, this matter is ripe for review.

## II.     LEGAL STANDARD

The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). However, a district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report of the Magistrate, this court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

---

Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (emphasis added) (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47).

The legal standard employed in a motion for summary judgment is well-settled and correctly stated within the Report. Accordingly, that standard is incorporated herein without a recitation. Because Plaintiff is proceeding *pro se*, the court is charged with liberally construing the pleadings to allow Plaintiff to fully develop potentially meritorious cases. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972).

Additionally, all facts and inferences to be drawn therefrom are viewed in the light most favorable to the Plaintiff. *Shealy v. Winston*, 929 F.2d 1009, 1011 (4th Cir. 1991). The requirement of a liberal construction does not mean, however, that the court can ignore a plaintiff's clear failure to allege facts that set forth a cognizable claim, or that a court must assume the existence of a genuine issue of material fact where none exists. *See United States v. Wilson,* 699 F.3d 789, 797 (4th Cir.2012).

### III.  DISCUSSION

As stated above, the relevant facts and standards of law on this matter are incorporated from the Report. However, a brief recitation of the relevant factual background is necessary to analyze the objections. Plaintiff alleges he was assaulted by officers on March 1, 2017 who used excessive force in violation of his Eight Amendment rights. Plaintiff also alleges a separate incident of excessive force occurred on April 13, 2017.

Defendants aver that Plaintiff's claims should be dismissed because he has failed to exhaust his administrative remedies. *See* 42 U.S.C.1997e(a)("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). A failure to exhaust all levels of administrative review is not "proper exhaustion" and will bar actions filed by inmates under any federal law, including § 1983. *Woodford v. Ngo*, 548 U.S. 81 (2006).

In support of this contention, Defendants provided an affidavit from Sherman L. Anderson, Chief of Office of General Counsel for Inmate Grievance Branch of SCDC, which sets forth the South Carolina Department of Corrections' (SCDC) inmate grievance procedure. Essentially, Defendants allege that Plaintiff submitted two Step 1 Grievances in relation to the alleged March 1, 2017 assault. However, both grievance forms were processed and returned to Plaintiff without a decision based on Plaintiff's failure "to attach the answered Request to Staff Form regarding [his] informal resolution attempt on this issue as is required in GA.01.12 Inmate Grievance Procedures." (ECF No. 48-2, ¶¶ 3, 15). Anderson states in his affidavit that after the grievances were returned to Plaintiff without a decision, Plaintiff took no further action concerning the issues he raised. (ECF No. 48-2, ¶ 15).

Although Plaintiff asserted in his response that he resubmitted the Step 1 Grievances with the Request to Staff Forms attached, he has not submitted any evidence in support of this assertion. Plaintiff did file a sworn affidavit in support of his response to the summary judgment motion, but he failed to address exhaustion of administrative remedies therein. (ECF No. 53-2, pp. 32-35). Further, it is undisputed that Plaintiff failed to file any grievance with respect to the April 13, 2017 incident alleged in his complaint. (ECF No. 48-2, ¶ 15).

Within his objections, Plaintiff argues for the first time that his filed grievances were "emergency grievances" and therefore "not routinely processed through the system as if it were a normal grievance and therefore does not require an informal resolution." (ECF No 66, p. 2). He then avers that the Inmate Grievance Coordinator ("IGC") "failed in his

5

capacity to forward a copy of this grievance to the Chief/Designee, Inmate Grievance Branch, and erroneously made the determination that Plaintiff failed to attach an informal resolution to an 'Emergency Grievance' which is not required per SCDC Policy". (ECF No. 66 p. 3). Plaintiff concludes that he has exhausted his administrative remedies simply by filing the two grievances which he classifies as emergency grievances. Although the court need not consider arguments raised for the first time in an objection[3], the court will do so here out of an abundance of caution.

Initially, it is still uncontested that Plaintiff has not filed any grievances with respect to the April 13, 2017 incident alleged in his complaint. Accordingly, any claims related to that incident are dismissed for failure to exhaust administrative remedies. Moreover, Plaintiff has failed to offer any admissible evidence supporting his assertions that the IGC failed to properly handle his grievances which Plaintiff has unilaterally deemed as "Emergency Grievances." Plaintiff did submit portions of the SCDC Grievance Policy which outline required steps and addresses emergency grievances. (ECF No. 66-1). However, Plaintiff failed to offer any other supporting evidence.

---

[3] Federal district "[c]ourts have frowned upon objections to R&Rs that make new arguments that serve as a new basis for" a petitioner's claims and, thus, "the court is not obligated to consider new arguments raised by a party for the first time in objection to the magistrate's report." *Elliott v. Oldcastle Lawn & Garden, Inc.*, No. 2:16-cv-01929-DCN, 2017 WL 1206408, at *3 (D.S.C. March 31, 2017); *see also Mason v. Warden, Graham Correctional Institution*, Civ. A. No. 5:15-cv-04963-RBH, 2017 WL 1044848, at *6 (D.S.C. March 20, 2017) ("the [c]ourt need not consider a claim raised for the first time in a habeas petitioner's objections"); *Clark v. Thompson*, Civ. A. No. 0:12-cv-02669-RBH, 2014 WL 1234347, at *2 (D.S.C. March 25, 2014) (noting petitioner's new argument raised for the first time in his objections "must be overruled as untimely and thus improper").

Even if the court were to assume that Plaintiff offered admissible evidence to support his assertion that the grievances should have been considered emergency grievances[4], SCDC policy states that if the grievance is not determined to be an emergency, "the grievance will then be routinely processed through the system as if it were a normal grievance." (ECF No. 66-1, p.5). Accordingly, Plaintiff would still be subject to the initial requirements discussed above if no emergency actions were taken. Because Plaintiff's Step 1 Grievances were returned unprocessed, Plaintiff had the option to cure any deficiencies and re-file or appeal the unprocessed grievance. (*See* ECF No. 48-2, ¶¶ 3, 6-12). Here, Plaintiff has failed to submit evidence that he pursued either option. Additionally, Plaintiff has failed to offer any evidence of Defendants' erroneous handling of his grievance forms.

As the Magistrate Judge correctly stated, failure to exhaust all levels of administrative review is not "proper exhaustion" and will bar actions filed by inmates under any federal law, including § 1983. *Woodford*, 548 U.S. at 90-91. Plaintiff's self-serving, unsworn statements in his response to the motion for summary judgment and objections are insufficient to avoid summary judgment. *See, e.g., Poe v. Bryant*, C/A No. 9:12-3142-RMG, 2013 WL 6158023, at *2 (D.S.C. Nov. 21, 2013) (citing *Malik v. Sligh*, No. 5:11-1064-RBH, 2012 WL 3834850, at *5 (D.S.C. Sept. 4, 2012), *aff'd*, 507 Fed.Appx. 294 (4th Cir. 2013)) (finding that a self-serving affidavit from the plaintiff was "simply not enough to create a genuine dispute as to any material fact" in light of the other evidence that

---

[4] In regard to emergency grievances, it is the prisoner's responsibility to "demonstrate the factors creating the substantial risk of personal injury or other serious and irreparable harm." (ECF No. 66-1, p. 4).

disputed the credibility of plaintiffs self-serving claims); *see also Pearson v. Stevenson*, C/A No. 9:14-454-RBH, 2015 WL 733814, *2 (D.S.C. Feb. 20, 2015) (finding that "Plaintiff may not escape summary judgment by simply asserting that 'yes I did' exhaust administrative remedies"). Therefore, Plaintiff has failed to point to any error in the Magistrate Judge's report. The evidence before the court shows that Plaintiff failed to exhaust the administrative remedies that were available to him. Therefore, Defendants are entitled to summary judgment in this case.

## IV.  CONCLUSION

After carefully reviewing the applicable laws, the record in this case, as well as the Report, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, the Court adopts the Report and Recommendation. (ECF No. 58). Thus, Defendants' motion for summary judgment (ECF No. 48) is granted and this case is dismissed in its entirety.

IT IS SO ORDERED.

April 16, 2020                                            Joseph F. Anderson, Jr.
Columbia, South Carolina                      United States District Judge